UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**CASE NO. 14-80479-JIC**

GEORGE EKINS,

    Plaintiff,

v.

HARBOURSIDE FUNDING, LP *et al.*,

    Defendants.

_____/

**DEFENDANTS HARBOURSIDE FUNDING, LP, HARBOURSIDE FUNDING GP, LLC
AND FLORIDA REGIONAL CENTER, LLC'S MOTION TO
DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendants Harbourside Funding, LP, Harbourside Funding GP, LLC, and Florida Regional Center, LLC (collectively, "Defendants"), by and through the undersigned counsel hereby files this Motion to Dismiss and Incorporated Memorandum of Law and in Support thereof states as follows:

**I.    SUMMARY OF ARGUMENT**

On April 8, 2014, Plaintiff George Ekins ("Plaintiff") filed a Complaint seeking enforcement of a Confidential Settlement Agreement ("Settlement Agreement"). ECF No. 1 at ¶ 9. Plaintiff's Complaint asserts that Defendants breached the Settlement Agreement. However, a cursory review of Plaintiff's Complaint demonstrates that it should be dismissed under Federal Rule of Civil Procedure 12(b)(1) and (6) because it fails to properly allege the existence of diversity jurisdiction or the satisfaction of all conditions precedent.

**BERGER SINGERMAN**

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

## II.   LEGAL STANDARD

A.   **Federal Rule of Civil Procedure 12(b)(1)**

Federal courts have limited subject matter jurisdiction – leaving district courts the power to decide only certain types of cases. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). District courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Further, the burden for establishing subject matter jurisdiction rests with the party bringing the claim. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).

Attacks on subject matter jurisdiction are seen in two forms: (1) facial attacks; and (2) factual attacks. *See Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks on a complaint 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" *Id.* (alteration in original). On the other hand, factual attacks dispute "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* The Eleventh Circuit has explained that "in a factual attack the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach, and the court is free to weigh the evidence." *Id.* "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the

2

≡ BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981)). In these circumstances, no presumptive truthfulness attaches to the plaintiff's allegations, and a factual dispute does not preclude the court from evaluating the merits of jurisdictional claims. *Id.*

### III.  LEGAL ARGUMENT

There is no question that Plaintiff has failed to allege sufficient facts to demonstrate the presence of diversity jurisdiction.

"A plaintiff seeking the exercise of personal jurisdiction over a . . . defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999)); *see also Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975). A prima facie showing of diversity jurisdiction requires allegations that the controversy arose between citizens of different states and that the amount in controversy exceeds $75,000 in damages. 28 U.S.C. § 1332.

In the context of determining whether this Court has jurisdiction, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  Moreover, "[t]o sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." *Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.2d 1020, 1022 (11th Cir. 2004).

In *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, the Eleventh Circuit found that the allegation that a Plaintiff was a "'Limited Liability Company created under the laws of the State of Georgia' with '[i]ts principal place of business . . . in Scottsdale

3

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

Georgia,'" was insufficient to establish its citizenship. 663 F. 3d 1304, 1305, (11th Cir. 2011). Those allegations mirror those in the instant Complaint. *See* ECF No. 1 at ¶¶ 4-6. Specifically, Plaintiff alleges that:

> 4.   Defendant Harbourside Funding, LP ("HF") is a Florida limited partnership with its principal place of business in North Palm Beach, Florida.
> 5.   Defendant Harbourside Funding GP, LLC ("HFG") is a Florida Limited liability company with its principal place of business in North Palm Beach, Florida.
> 6.   Defendant Florida Regional Center, LLC ("FRC") is a Florida Limited Liability company with its principal place of business in North Palm Beach, Florida.

*Id.* These allegations are insufficient to establish diversity jurisdiction because they do not state the citizenship of all the members of the aforementioned entities. Accordingly, the Court should dismiss Plaintiff's Complaint and require it to plead, with sufficient particularity, facts which properly demonstrate diversity of citizenship.

## IV.   CONCLUSION

Based on the foregoing factors, Defendant submits that the instant Complaint should be dismissed in its entirety, because the Complaint does not contain allegations which indicate that the exercise of diversity jurisdiction is appropriate.

WHEREFORE Defendants Harbourside Funding, LP, Harbourside Funding GP, LLC, and Florida Regional Center, LLC respectfully request that the Court enter an Order dismissing the Complaint, or any other further relief the Court deems just and proper.

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

| | |
|---|---|
| Dated: May 2, 2014 | Respectfully submitted, |

                        /s/ Mitchell W. Berger
                        Mitchell W. Berger (FL Bar. No.  311340)
                        Attorney for Defendant Nicholas A. Mastroianni, II
                        BERGER SINGERMAN LLP
                        350 East Las Olas Blvd., Suite 1000
                        Fort Lauderdale, FL  33301
                        Tel: (954) 525-9900
                        Fax: (954) 523-2872
                        Email: mberger@bergersingerman.com
                        Zachary P. Hyman (FL Bar No. 98581)
                        Email: zhyman@bergersingerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically on May 2, 2014 via CM/ECF to counsel of record below.

                        /s/ Mitchell W. Berger
                        Mitchell W. Berger, Esq.

Jared H. Beck
jared@beckandlee.com
Elizabeth Lee Beck
elizabeth@beckandlee.com
**BECK & LEE TRIAL LAWYERS**
12485 SW 137th Ave., Suite 205
Miami, FL 33186
*Attorneys for Plaintiff*