UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 14-80479-CIV-COHN/SELTZER

GEORGE EKINS, an individual,

     Plaintiff,

vs.

HARBOURSIDE FUNDING, LP, a
Florida limited partnership;
HARBOURSIDE PLACE GP, LLC, a
Florida limited liability company; and
FLORIDA REGIONAL CENTER, LLC
a Florida limited liability company,

     Defendants.

## AMENDED COMPLAINT

Plaintiff, GEORGE EKINS ("Plaintiff " or "Ekins"), by and through his undersigned

attorneys, hereby sues Defendants, HARBOURSIDE FUNDING, LP; HARBOURSIDE PLACE

GP, LLC; and FLORIDA REGIONAL CENTER, LLC (collectively, "Defendants"), and alleges

as follows:

## JURISDICTION AND VENUE

1.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and

Plaintiff is a citizen of a State which is different from the States of citizenship of all Defendants.

There is complete diversity between Plaintiff and all Defendants.

1

2.      Venue is proper in the West Palm Beach Division of the Southern District of Florida because that is where a substantial part of the events or omissions giving rise to the claim occurred and where all of the Defendants reside.

## THE PARTIES

3.      Plaintiff, George Ekins ("Plaintiff" or "Ekins") is an individual *sui juris* and a citizen of California.

4.      Defendant, Harbourside Place GP, LLC ("HPG") is a Florida limited liability company with its principal place of business in North Palm Beach, Florida. HPG has no members which are citizens of California, and is therefore not a citizen of California.  HPG is a citizen of Florida and New York based on the fact that its known members and submembers are citizens of Florida and New York.

  a)      Public records reflect one member for HPG, Florida 300 Investments LLC ("Florida 300").

  b)      Public records reflect two members for Florida 300, Nicholas A. Mastroianni II and Richard L. Yellen, who are citizens of Florida and New York, respectively.

5.      Defendant, Harbourside Funding, LP ("HF") is a Florida limited partnership with its principal place of business in North Palm Beach, Florida.  HF has no partners which are citizens of California, and is therefore not a citizen of California.  HF is a Florida citizen based on the fact that its known partners are Florida citizens.

  a)      Public records reflect one partner for HF, Defendant HPG.

  b)      As set forth in paragraph 4 above, HPG is a citizen of Florida and New York based on the citizenship of its member and submembers.

2

6.      Defendant, Florida Regional Center, LLC ("FRC") is a Florida limited liability company with its principal place of business in North Palm Beach, Florida.  FRC has no members which are citizens of California, and is therefore not a citizen of California.  FRC is a citizen of Florida and New York based on the fact that its known members and submembers are citizens of Florida and New York.

       a)      Public records reflect two members for FRC, Capital 500, LLC ("Capital 500") and RLY Investments 100, LLC ("RLY").

       b)      Public records reflect one member for Capital 500, Nicholas A. Mastroianni II, who is a Florida citizen.

       c)      Public records reflect one member for RLY, Richard L. Yellen, who is a New York citizen.

## GENERAL FACTS

7.      On or about September 11, 2011, Plaintiff entered into an agreement ("the "Consulting Agreement") with Defendants regarding the provision of certain consulting services by Plaintiff to Defendants.

8.      Thereafter, a dispute arose between and among the parties concerning payment owed to Plaintiff by Defendants under the terms of the Consulting Agreement.

9.      In November 2013, the parties entered into a confidential written Settlement Agreement and General Release ("Settlement Agreement") for purposes of settling and resolving all disputes between and among the parties relative to the Consulting Agreement.

10.      Defendants agreed to make payments to Plaintiffs of sums certain by dates certain pursuant to the terms of the Settlement Agreement.

11.     Defendants have failed to comply with their payment obligations under the Settlement Agreement.

12.     Plaintiff has notified Defendants of their default under the Settlement Agreement by written notices dated December 10, 2013, and January 28, 2014.

13.     Defendants have failed to cure the default.

14.     All conditions precedent to the commencement and prosecution to final judgment of this civil action have taken place, have been performed, or have been waived or excused by Defendants.

15.     Plaintiff has been compelled to engage the services of the undersigned attorneys and to pay them a reasonable fee.

## CAUSE OF ACTION

### (Breach of Settlement Agreement – Payment Default)

16.     Plaintiff re-alleges paragraphs 1 through 15 above as if fully set forth herein.

17.     Plaintiff and Defendants are parties to the Settlement Agreement.

18.     Defendants have materially breached the Settlement Agreement by failing to make payment due and owing to Plaintiff.

19.     Defendants' breach has caused injury to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally for compensatory damages, prejudgment interest, post-judgment interest, attorneys' fees, and costs.

*~signature page follows~*

DATED: May 19, 2014

RESPECTFULLY SUBMITTED,


/s/ Jared H. Beck
By: Jared H. Beck

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone:      (305) 234-2060
Facsimile:      (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

*Attorneys for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2014, I electronically filed the foregoing

*AMENDED COMPLAINT*

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document(s) are being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


          /s/ Jared H. Beck
          Jared H. Beck


## SERVICE LIST
*Ekins v. Harbourside Funding, LP et al.*
**Case No. 14-80479-JIC**


Mitchell W. Berger
Zachary P. Hyman
BERGER SINGERMAN LLP
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 3301
Telephone:     (954) 525-9900
Facsimile:     (954) 523-2872
mberger@bergersingerman.com
zhyman@bergersingerman.com

**Counsel for Defendants**

(via CM/ECF)