UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-80479-JIC

GEORGE EKINS,

    Plaintiff,

v.

HARBOURSIDE FUNDING, LP *et al.*,

    Defendants.

_____/

**DEFENDANTS HARBOURSIDE FUNDING, LP, HARBOURSIDE FUNDING GP, LLC AND FLORIDA REGIONAL CENTER, LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Harbourside Funding, LP, Harbourside Funding GP, LLC, and Florida Regional Center, LLC (collectively, "Defendants"), by and through the undersigned counsel hereby answer the Second Amended Complaint of Plaintiff George Ekins ("Plaintiff") and state:

**JURISDICTION AND VENUE**

1. Defendants admit the allegations set forth in Paragraph 1 of the Amended Complaint, to the extent that they relate to jurisdiction, but deny that there are any amounts due and owed or that they owe more than $75,000 to Plaintiffs.

2. Defendants admit the allegations set forth in Paragraph 2 of the Amended Complaint.

**PARTIES**

3. Defendants admit the allegations set forth in Paragraph 3 of the Amended Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Amended Complaint.

5. Defendants admit the allegations set forth in Paragraph 5 of the Amended Complaint.

6. Defendants admit the allegations set forth in Paragraph 6 of the Amended Complaint.

## GENERAL ALLEGATIONS

7. Defendants Harbourside Funding, LP and Florida Regional Center, LLC admit that they entered into an agreement with Plaintiffs that was referred to as a "Consulting Agreement," but deny that the agreement was only related to the provision of "consulting services." Defendant Harbourside Funding, GP, LLC denies that it entered into a consulting agreement with Plaintiff.

8. Defendants admit that a dispute arose concerning payment under the terms of the "Consulting Agreement," but deny that any payment was due and owed under the terms of the Consulting Agreement for the reasons set forth in the Affirmative Defenses below.

9. Defendants Harbourside Funding, LP and Florida Regional Center, LLC admit that they entered into a confidential written Settlement Agreement and General Release ("Settlement Agreement"), but deny that the Settlement Agreement and Release is enforceable for the reasons set forth in the Affirmative Defenses below.  Defendant Harbourside Funding, GP, LLC denies the allegations of paragraph 9 of the Second Amended Complaint.

10. Defendants Harbourside Funding, LP and Florida Regional Center, LLC admit that they agreed to make payments to Plaintiff of sums certain by dates certain pursuant to the terms of the Settlement Agreement, but deny that they are required to make those payments for the reasons set forth in the Affirmative Defenses below. Defendant Harbourside Funding, GP, LLC denies the allegations of paragraph 10 of the Second Amended Complaint.

11. Defendants Harbourside Funding, LP and Florida Regional Center, LLC admit that they failed to comply with their payment obligations under the Settlement Agreement, but deny that they are required to make such payments as their obligation to make such payments has been excused for the reasons set forth in the Affirmative Defenses below. Defendant Harbourside Funding, GP, LLC denies the allegations set forth in Paragraph 11 of the Second Amended Complaint.

12. Defendants Harbourside Funding, LP and Florida Regional Center, LLC admit that Plaintiff informed them of their purported default under the Settlement Agreement but deny that they are required to make any payments for the reasons set forth in the Affirmative Defenses below. Defendant Harbourside Funding, GP, LLC denies the allegations set forth in Paragraph 12 of the Second Amended Complaint.

13. Defendants Harbourside Funding, LP and Florida Regional Center, LLC admit that they failed to cure the alleged default, but deny that they are required to cure such a default for the reasons set forth in the Affirmative Defenses below. Defendant Harbourside Funding, GP, LLC denies the allegations set forth in Paragraph 13 of the Second Amended Complaint.

14. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 14 of the Complaint, and therefore those allegations are denied.

15. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 15 of the Complaint, and therefore those allegations are denied.

## CAUSE OF ACTION

16. Defendants re-allege their responses to paragraphs 1 through 15 above as if set forth in full herein.

17. Defendants Harbourside Funding, LP and Florida Regional Center, LLC admit the allegations to paragraph 17, but deny that the Settlement Agreement is enforceable for the reasons set forth in the affirmative defenses below. Defendant Harbourside Funding, GP, LLC denies the allegations of paragraph 17 of the Second Amended Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Amended Complaint.

WHEREFORE Defendants respectfully requests that the relief requested by Plaintiff be denied in its entirety and that the Court award Defendants attorney's fees and such other and further relief as this Court deem just and proper.

## **AFFIRMATIVE DEFENSES**

Without in any way admitting any of the allegations of the Amended Complaint and without admitting or suggesting that Defendants bear the burden of proof on any of the following issues, Defendants alleges, as separate and independent affirmative defenses as follows:

## **FIRST AFFIRMATIVE DEFENSE**

The Settlement Agreement attached to the Complaint is invalid under the doctrine of illegality because Plaintiff was engaged in conduct which violated several statutes, which include but are not limited to Fla. Stat. § 475.41, pursuant to the "Consulting Agreement" described in the Amended Complaint. As the Consulting Agreement was invalid as a matter of law, the "Settlement Agreement" whose terms Defendants purportedly breached is also invalid as a matter of law and public policy. Therefore Plaintiff cannot enforce the Settlement Agreement.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs should be precluded from enforcing the Settlement Agreement under the doctrine of unclean hands or *in pari delicto*. As set forth in further detail in the First Affirmative Defense, because Plaintiff engaged in conduct which constitutes a violation of several statutes, including but not limited to Fla. Stat. § 475.41, Plaintiff should be barred from enforcing the terms of the Settlement Agreement, which was attached to the Complaint, because his fault exceeds Defendants.

## THIRD AFFIRMATIVE DEFENSE

If the Court finds that Defendants should be liable under the Settlement Agreement, Defendants contend that the Plaintiff's recovery should be limited under the doctrine of comparative negligence. Because, as set forth above, Plaintiff engaged in wrongdoing, which was, at a minimum, a cause of the damages alleged, the amount that Plaintiff may recover should be reduced based on his degree of wrong doing, if he is permitted to recover at all.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Harbourside Funding GP, LLC was not listed as a party to the Settlement Agreement and did not receive any of the notices of default as alleged in the Second Amended Complaint. Accordingly, Harbourside Funding GP, LLC cannot be held liable for the alleged default of the other defendants.

Dated: July 3, 2014	Respectfully submitted,

/s/ Mitchell W. Berger
Mitchell W. Berger (FL Bar. No.  311340)
Attorney for Defendants
BERGER SINGERMAN
350 East Las Olas Blvd., Suite 1000
Tel: (954) 525-9900
Fax: (954) 523-2872
Email: mberger@bergersingerman.com
Zachary P. Hyman (FL Bar No. 98581)
Email: zhyman@bergersingerman.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served electronically on July 3, 2014 via CM/ECF to counsel of record below.

 /s/ Mitchell W. Berger
Attorney

Jared H. Beck
jared@beckandlee.com
Elizabeth Lee Beck
elizabeth@beckandlee.com
**BECK & LEE TRIAL LAWYERS**
12485 SW 137th Ave., Suite 205
Miami, FL 33186
*Attorneys for Plaintiff*