Sealed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 14-80479-CIV-COHN/SELTZER



FILED by _____ D.C.

JUL 11 2014

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA – MIAMI

GEORGE EKINS, an individual,

      Plaintiff,

vs.

HARBOURSIDE FUNDING, LP, a
Florida limited partnership;
HARBOURSIDE FUNDING GP, LLC,
a Florida limited liability company; and
FLORIDA REGIONAL CENTER, LLC,
a Florida limited liability company,

      Defendants.

## PLAINTIFF GEORGE EKINS' MOTION FOR FINAL SUMMARY JUDGMENT

Plaintiff, GEORGE EKINS ("Plaintiff"), by and through his undersigned counsel, hereby

moves pursuant to Federal Rule of Civil Procedure 56 for an order granting final summary

judgment in his favor against Defendants, HARBOURSIDE FUNDING, LP; HARBOURSIDE

FUNDING GP, LLC; and FLORIDA REGIONAL CENTER, LLC (collectively, "Defendants").

In support of his motion, Plaintiff states the following:

### MEMORANDUM OF LAW

### INTRODUCTION

As demonstrated below, there is no genuine issue as to any material fact regarding

Plaintiff's claim for breach of settlement agreement against Defendants, or any of their asserted

affirmative defenses.  In short, the parties entered into a settlement agreement, but Defendants

1

have failed to pay $775,000 of the $900,000 which they owe Plaintiff.  Accordingly, the Court should enter final summary judgment for Plaintiff.

In support of his motion, Plaintiff concurrently files the Declaration of Plaintiff George Ekins ("Ekins Declaration" or "Ekins Decl.") and Declaration of Jared H. Beck ("Beck Declaration" or "Beck Decl."), with exhibits, and sets forth the following statement of material undisputed facts pursuant to Local Rule 56.1.

## STATEMENT OF MATERIAL UNDISPUTED FACTS PURSUANT TO L.R. 56.1

1.      In September 2011, Plaintiff entered into a written agreement (hereinafter, the "Consulting Agreement") with Defendants to provide certain consulting services in connection with a mixed-use development project in Jupiter, Florida called Harbourside Place.  Ekins Decl. ¶ 4.

2.      Thereafter, a dispute arose concerning payment due to Plaintiff from Defendants under the Consulting Agreement.  Ekins Decl. ¶ 5.

3.      In November 2013, Plaintiff entered into a confidential written Settlement Agreement and General Release (hereinafter, the "Settlement Agreement") with Defendants for purpose of settling and resolving all disputes between and among the parties relative to the Consulting Agreement.   Ekins Decl. ¶ 6 & Ex. 2.[1]

4.      The Settlement Agreement provides that it "is being entered into by the Parties as a compromise of disputed claims and is not for the payment of any particular fee payable to Consultant pursuant to the Consulting Agreement."  Ekins Decl. Ex. 2 § 8.

5.      Pursuant to the Settlement Agreement, Defendants agreed to pay Plaintiff a total of $900,000.00, broken into installments.  Ekins Decl. Ex. 2 § 1.

---

[1]      Due to its confidential nature, the Settlement Agreement is being filed under seal, along with declarations and the instant motion.

6.      Defendants paid Plaintiff an initial installment of $125,000.00.  Ekins Decl. ¶ 8.

7.      The next installment of $200,000.00 was due no later than December 5, 2013, and Defendants failed to pay it.  Ekins Decl. ¶ 9 & Ex. 2 § 1(i).

8.      Other than the initial $125,000.00, Defendants have failed to make any payments to Plaintiff.  Ekins Decl. ¶ 10.

9.      The Settlement Agreement provides that upon a payment default by Defendants, Plaintiff may accelerate all payments to be paid to him under the Settlement Agreement, and default interest shall accrue on all outstanding amounts at the default rate of 4% per annum. Ekins Decl. Ex. 2 § 10.

10.     On December 10, 2013, Plaintiff provided a written Notice of Default to Defendants.  Ekins Decl. ¶ 12 & Ex. 3.

11.     By letter dated January 28, 2014 from his attorney, Plaintiff provided Defendants with written notice of their failure to cure the breach of the Settlement Agreement and his intent to accelerate all payments under the Settlement Agreement pursuant to its terms.  Ekins Decl. ¶ 13 & Ex. 4.

12.     There is no entity named "Harbourside Place GP, LLC" registered with the Florida Department of State, Division of Corporations.  Beck Decl. ¶ 4 & Ex. A.

13.     Defendant Harbourside Funding GP, LLC is the general partner of Defendant Harbourside Funding, LP.  Beck Decl. ¶ 5 & Ex. B.

14.     According to the Florida Department of State, Division of Corporations, the mailing address for all three Defendants is 1295 U.S. Highway 1, North Palm Beach, Florida 33408.  Beck Decl. ¶¶ 5-7, Exs. B-D.

## RELEVANT PROCEDURAL BACKGROUND

1.      Plaintiff filed suit against Defendants on April 7, 2014 [D.E. 1].

3

2.      Plaintiff's operative Second Amended Complaint ("SAC") [D.E. 20] was filed on June 16, 2014.  The SAC brings a single claim for breach of settlement agreement.

3.      On July 3, 2014, Defendants filed their Answer and Affirmative Defenses [D.E. 23].

## LEGAL STANDARD

Rule 56(b) of the Federal Rules of Civil Procedure provides that unless a different time is set by local rule or the Court, a party move for summary judgment at any time until 30 days after the close of all discovery.

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(c), the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party "may not rely merely on allegations or denials in its own pleading," but instead must come forward with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348.

4

## <u>ARGUMENT</u>

I.   **Plaintiff Has Established All Of The Elements Of His Breach Of Settlement Agreement Claim Beyond Any Material Dispute**

The operative Second Amended Complaint ("SAC") [D.E. 20] brings a single claim for breach of settlement agreement against Defendants.  The relevant legal elements under Florida law are: (1) a valid contract; (2) a material breach; and (3) damages.  *See, e.g., Grove Isle Ass'n, Inc. v. Grove Isles Assoc., LLLP*, 137 So. 3d 1081, 1094-95 (Fla. 3d DCA 2014).

Here, the undisputed facts in the record show that there is no genuine issue as to any material fact and that Plaintiff is entitled to a judgment as a matter of law.  In November 2013, Plaintiff entered into a Settlement Agreement with Defendants under which Defendants agreed to pay Plaintiff $900,000.00, broken into installments.  Ekins Decl. ¶ 6 & Ex. 2 § 1.  Defendants materially breached the Settlement Agreement by failing to pay their scheduled installment of $200,000.00 by the deadline of December 5, 2013.  Ekins Decl. ¶ 9 & Ex. 2 § 1(i).   Plaintiff has incurred damage because he has received only the initial installment of $125,000.00 from Defendants, and no portion of the outstanding balance of $775,000.00.  Ekins Decl. ¶¶ 8, 10.

Plaintiff has established, beyond any genuine dispute, each of the necessary elements of his claim.  Furthermore, the Settlement Agreement contains an acceleration-upon-default clause and provides that interest shall accrue on all outstanding amounts at the default rate of 4% per annum.  Ekins Decl. Ex. 2 § 10.  Accordingly, the Court should enter summary judgment in Plaintiffs favor, and award final judgment against Defendants, jointly and severally in the amount of $775,000.00 plus interest in the amount of $20,666.67,[2] for a total of $795,666.67.

---

[2]      Interest is calculated from the date of default, December 5, 2013.

II.    **Defendants' Affirmative Defenses Are Devoid Of Evidentiary And Legal Support**

In response to the SAC, Defendants have asserted four affirmative defenses. The first three are brought on behalf of all three Defendants, while the fourth is brought only on behalf of Defendant Harbourside Funding GP, LLC. As discussed below, none of these defenses have any evidentiary support or merit, and therefore constitute no barrier to entering summary judgment on Plaintiff's claim.

A.    **Affirmative Defenses 1-3 Are Based On Section 475.41, Florida Statutes, Which Does Not Apply To The Settlement Agreement, And Therefore Cannot Preclude Its Enforcement**

The First Affirmative Defense alleges that based on "the doctrine of illegality," the Settlement Agreement is unenforceable because the antecedent Consulting Agreement violated section 475.41, Florida Statutes.[3] The Second Affirmative Defense claims that Plaintiff should be precluded from enforcing the Settlement Agreement under the doctrine of unclean hands or *in pari delicto*, due to the same statutory violation. The Third Affirmative Defense asserts that if Defendants are found liable under the Settlement Agreement, the same statutory violation should limit Plaintiff's recovery under the doctrine of comparative negligence.

The glaring problem common to each of these defenses is that **section 475.41 does not, and cannot, apply to the Settlement Agreement**, which is the only agreement Plaintiff seeks to enforce through this action.

Under the defense of illegality of a contract as recognized by Florida law, "where a statute pronounces a penalty for an act, a contract founded upon such act is void, although the statute does not pronounce it void or expressly prohibit it." *Chen v. Whitney Nat'l Bank*, 65 So.

---

[3]    The First and Second Affirmative Defenses both allege that the Consulting Agreement violated "several statutes, which include but are not limited to Fla. Stat. § 475.41" – however, Defendants never identify any statutes except section 475.41. To the extent the defenses rely on unidentified statutes, the Court should strike them because "they fail to give the plaintiff fair notice of the nature of the defense . . . ." *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, *4 (S.D. Fla. Oct. 10, 2013).

3d 1170, 1174 (Fla. 1st DCA 2011) (quoting *Town of Boca Raton v. Raulerson*, 146 So. 576, 577 (Fla. 1933)).

      Here, Defendants have invoked section 475.41, Florida Statutes, which is titled "Contracts of unlicensed person for commissions invalid" and provides, "No contract for a commission or compensation for any act or service enumerated in s. 475.01(3) is valid unless the broker or sales associate has complied with this chapter in regard to issuance and renewal of the license at the time the act or service was performed." § 475.41, Fla. Stat. (2013). The provision is part of a statutory scheme "designed to require a broker to obtain a license where he is involved in the sale of a business as a whole, a business opportunity, or real estate," (*Granoff v. Clarendon Nat'l Ins. Co.*, 2007 WL 646973, *3 (S.D. Fla. Feb. 27, 2007)), and applies to contracts with unlicensed brokers with respect to such acts and services. *See Meteor Motors, Inc. v. Thompson Halbach & Assocs.*, 914 So. 2d 479 (Fla. 4th DCA 2005).

      In this case, however, Plaintiff is not bringing suit under a broker contract or a contract for any type of commission – rather, he is seeking to enforce a settlement agreement, which expressly provides that, "This Settlement Agreement is being entered into by the Parties as a compromise of disputed claims and **is not for the payment of any particular fee payable to Consultant pursuant to the Consulting Agreement**." Ekins Decl. Ex. 2 § 8 (emphasis added). Accordingly, section 475.41 has no bearing on the Settlement Agreement, the stated and unambiguous purpose of which is to "settle and resolve all disputes between and among the Parties relative to the Consulting Agreement," (Ekins Decl. Ex. 2 at p. 1) and **not** to provide a fee or broker compensation to Plaintiff. *See In re Vilsack*, 356 B.R. 546, 551 (Bankr. S.D. Fla. 2006) (finding on summary judgment that Letter Agreement was not invalid under section 475.41 because "the Letter Agreement is not a contract of the kind prohibited by Fla. Stat. § 475.41").

As such, the Settlement Agreement at issue in this suit is outside the purview of section 475.41, which cannot be used as a basis to preclude Defendants' liability for breaching the Settlement Agreement.[4]  Affirmative Defenses One, Two, and Three fail for this reason.

**B.    Unclean Hands Is Not A Defense To A Damages Claim**

The Second Affirmative Defense also fails to the extent it asserts unclean hands as a defense, because as an equitable defense, it "does not apply to an action for damages." *Regions Bank v. Commonwealth Land Title Ins. Co.*, 977 F. Supp. 2d 1237, 1268 (S.D. Fla. 2013).

**C.    Comparative Negligence Cannot Apply To This Case**

Likewise, the Third Affirmative Defense fails for the additional reason that comparative negligence applies, by statute, only to a "negligence action," and this is plainly not a negligence action. *See* § 768.81(3), Fla. Stat. (2013) (making Florida's system of comparative negligence applicable only "[i]n a negligence action").[5]  This is strictly an action for breach of contract; Plaintiff is alleging only a breach of the Settlement Agreement's payment terms by Defendants.

**D.    The Fourth Affirmative Defense Fails Because Harbourside Funding GP, LLC Is Clearly A Party To The Settlement Agreement**

Finally, for the Fourth Affirmative Defense, Defendant Harbourside Funding GP, LLC claims it should escape liability for non-payment because it is not named as a party to the Settlement Agreement and did not receive any notice of default.  This argument lacks merit,

---

[4]       Plaintiff in no way concedes that the Consulting Agreement violated section 475.41 or any other provision of law, but the Court need not and should not reach this issue because the Consulting Agreement is not the basis for Plaintiff's claim.  That said, the Settlement Agreement itself contains broad mutual release provisions the effect of which is to quiet any dispute regarding the legality or enforceability of the Consulting Agreement. *See* Ekins Decl. Ex. 2 §§ 5, 7.

[5]       Under subsection 768.81(1)(c), a "negligence action" is defined as "a civil action for damages based upon a theory of negligence, strict liability, products liability, professional malpractice whether couched in terms of contract or tort, or breach of warranty and like theories. The substance of an action, not conclusory terms used by a party, determines whether an action is a negligence action."

because all of the evidence shows that Harbourside Funding GP, LLC is clearly a party to the

Settlement Agreement, and did receive notice of default.

"It is well established that in the event an ambiguity exists in a contract construction, the

court should arrive at an interpretation  consistent with reason, probability, and the practical

aspect of the transaction between the parties." *University of Miami v. Frank*, 920 So. 2d 81, 88

(Fla. 3d DCA 2006).  "When provisions in a contract appear to be in conflict, they should be

reconciled, if possible." *Whitley v. Royal Trails Property Owners' Ass'n, Inc.*, 910 So. 2d 381,

385 (Fla. 5th DCA 2005).  "An interpretation of a contract which gives a reasonable, lawful and

effective meaning to all of the terms is preferred to an interpretation which leaves a part

unreasonable, unlawful or of no effect." *Id.*

Here, the signature page of the Settlement Agreement shows that Nicholas A.

Mastroianni, II signed on behalf of three entities: Defendant Florida Regional Center, LLC;

Defendant Harbourside Funding, LP; and Defendant Harbourside Funding GP, LLC.  *See* Ekins

Decl. Ex. 2 at p. 8.  Accordingly, Harbourside Funding GP, LLC is obviously intended to be a

party by the contract's express terms.

Defendant Harbourside Funding GP, LLC is apparently claiming it is not a party to the

agreement because it is not named in the first paragraph as one of the three entities comprising

the "Company" which entered into the agreement with Plaintiff.  *See* Ekins Decl. Ex. 2 at p. 1.

But there is only one sensible way to way to address this discrepancy, which at best presents an

easily-resolved ambiguity for the following reasons.

**First**, Harbourside Funding GP, LLC executed the Consulting Agreement, which is the

genesis of the dispute resolved by the Settlement Agreement.  *See* Ekins Decl. Ex. 1 at p. 4.

**Second**, while Defendants Harbourside Funding, LP Florida Regional Center, LLC are

listed as two of the three entities comprising the "Company" in the first paragraph of the

Settlement Agreement, the third named entity, "Harbourside Place GP, LLC," **does not exist** based on a search of the Florida Department of State, Division of Corporations ("Division of Corporations") online database. *See* Beck Decl. ¶ 4 & Ex. A

 **Third**, the same database shows that Defendant Harbourside Funding GP, LLC is the general partner of Defendant Harbourside Funding, LP. *See* Beck Decl. ¶ 5 & Ex. B

 Thus, the only reasonable and practical reading of the Settlement Agreement is that Harbourside Place GP, LLC is a party to and bound by the agreement.

 Finally, the claim that Defendant Harbourside Funding GP, LLC did not receive any notices of default does not withstand minimal scrutiny. According to the Division of Corporations database, the mailing address for this entity is 1295 U.S. Highway 1, North Palm Beach, Florida 33408. *See* Beck Decl. ¶ 5 & Ex. B. The address is the same for Defendants Harbourside Funding, LP and Florida Regional Center LLC. *See id.* Exs C, D. Because Plaintiff sent notices of default to Defendants at this address (*see* Ekins Decl. ¶¶ 12, 13 & Exs. 3, 4),[6] there can be no dispute that Harbourside Funding GP, LLC also received these notices.

## CONCLUSION

 For the foregoing reasons, Plaintiff requests that the Court grant him summary judgment against Defendants, jointly and severally, in the amount of $795,666.67.

*~signature page follows~*

---

[6] Defendants Harbourside Funding, LP and Florida Regional Center, LLC admit receiving notice of default. Answer ¶ 12. Notice was addressed to Nicholas A. Mastroianni II, who signed on behalf of Harbourside Funding GP, LLC in both the Consulting Agreement and Settlement Agreement. *See* Ekins Decl. Ex. 4.

DATED: July 11, 2014

RESPECTFULLY SUBMITTED,

By: Jared H. Beck

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone:      (305) 234-2060
Facsimile:      (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2014, a true an correct copy of the foregoing

*PLAINTIFF GEORGE EKINS' MOTION FOR FINAL SUMMARY JUDGMENT*

was served via U.S. Mail and e-mail on all counsel of record or pro se parties identified on the attached service list.

_____
Jared H. Beck

### SERVICE LIST
*Ekins v. Harbourside Funding, LP et al.*
**Case No. 14-80479-COHN/SELTZER**

Mitchell W. Berger, Esq.
Zachary P. Hyman, Esq.
BERGER SINGERMAN LLP
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 3301
Telephone:     (954) 525-9900
Facsimile:     (954) 523-2872
mberger@bergersingerman.com;
zhyman@bergersingerman.com

**Counsel for Defendants**