UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80479-CIV-COHN/SELTZER

GEORGE EKINS,

      Plaintiff,

v.

HARBOURSIDE FUNDING, LP *et al.*,

      Defendants.

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants Harbourside Funding, LP ("HFL"), Harbourside Funding GP, LLC ("HFG"), and Florida Regional Center, LLC ("FRC") (collectively, "Defendants"), by and through the undersigned counsel hereby respond to Plaintiff George Ekins' ("Ekins") Motion for Final Summary Judgment, and move for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f)(1) and in support thereof state:

### I.    SUMMARY OF ARGUMENT

In what appears to be a mix between a motion for summary judgment and a motion to strike affirmative defenses, Ekins claims that because there is no factual dispute as to whether HFL, HFG and FRC made any payments as required under a settlement agreement that only HFL and FRC executed, he is entitled to summary judgment. Even though HFL and FRC concede that they did not pay Ekins, there is no factual dispute as to whether he engaged in unlicensed brokerage services under Florida law, which relieves them of their obligation to comply with the terms of the Settlement Agreement as a matter of law. Moreover, and as subsequently discussed, HFG was not a party to the Settlement Agreement and, accordingly, is entitled to summary

5878279-1

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

judgment as to that issue. Regardless of the interpretation or validity of the Settlement Agreement, granting Ekins' Motion would constitute an abuse of discretion, because the application of the doctrine of unclean hands mandates, at a minimum, that this matter be submitted to the trier of fact.

## II.   STATEMENT OF MATERIAL FACTS

1.   Defendants are involved in the financing of a real estate development known as Harbourside Place, which is a 300,000 square foot mix used commercial complex in Palm Beach County, Florida. The construction of Harbourside Place is funded through various sources of capital, including the equity of the owner and financing provided pursuant to a private placement offering to foreign investors seeking a United States Visa under the EB-5 Program. [ECF No. 27-1 at 5.]; Mastroianni Aff. ¶¶ 3-6

2.   The EB-5 Program is for the benefit of investors from foreign countries ("Investors") who would like to obtain a permanent United States EB-5 visa. To be eligible for a visa under the EB-5 Program, an Investor must make an at-risk investment of at least $1 Million (or $500,000 if the funds are invested in certain high-unemployment or rural areas) that creates at least 10 American Jobs. Mastroianni Aff. ¶ 4.

3.   To raise capital in conjunction with the Harbourside Place project, HFG and FRC entered into a Consulting Agreement with Ekins to act as a "consultant," "in furtherance of providing investors to the Florida Regional Center." [ECF No. 27-1 at 5]; Mastroianni Aff. ¶ 8.

4.   Under the terms of the Consulting Agreement, Ekins was to receive compensation on him referring the Investors to HFG and FRC for the purpose of investing capital to fund the Harbourside Place project. *Id.*

5878279-1

2

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

5. The Consulting Agreement provided in relevant part that Ekins was entitled to a $5,000 commission for each Investor he procured for the Harbourside project in addition to " 1% per annum of the total amount procured as an annual interest fee for 5 years." *Id.*

6. In other words, under the terms of the Consulting Agreement, Ekins was to receive a fee for soliciting investors and raising investment capital to be used to pay for a portion of the construction of the Harbourside Place project. Mastroianni Aff. ¶¶ 10-11.

7. Because investment in the Harbourside Place project constituted a business opportunity or business enterprise, Ekins acted as a broker as defined by Fla. Stat. § 475.01, by providing services pursuant to the Consulting Agreement. Villazon Aff. ¶¶ 18-22.

8. Ekins, however, is not licensed to act as a broker in the state of Florida. Thus, the Consulting Agreement is invalid under Fla. Stat. § 475.41. Villazon Aff. ¶ 26.

9. Section 475.41 of the Florida Statutes provides in relevant part that "[n]o contract for a commission or compensation for any act or service enumerated in s. 475.01(3) is valid unless the broker or sales associate has complied with this chapter in regard to issuance and renewal of the license at the time the act or service was performed." § 475.41, Fla. Stat..

10. Thereafter, a dispute arose concerning payment due Ekins from HFL and FRC under the Consulting Agreement. [ECF No. 26 at 3.]; Mastroianni Aff. ¶¶ 12-14.

11. Specifically, the dispute at issue was caused by the fact that Ekins did not receive any compensation for the unlicensed brokerage services that he allegedly provided to Defendants. Mastroianni Aff. ¶¶ 12-14

12. In order to resolve Ekins' claim that he was entitled to payment under the Consulting Agreement, HFL and FRC entered into a Confidential Settlement Agreement ("Settlement Agreement") with Ekins. [ECF No. 27-1 at 1]. Mastroianni Aff. ¶¶ 15-16.

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
t: 954-525-9900 | f: 954-523-2872 | WWW.BERGERSINGERMAN.COM

13. The Settlement Agreement was intended to provide Ekins with partial payment for unlicensed brokerage services as defined under Fla. Stat. § 475.01. *Id.*

14. Even if the required payments under the Settlement Agreement were not tied to any specific commissions, it created a mechanism for Ekins to, in effect, receive compensation for unlicensed brokerage services. Villazon Aff. ¶ 26.

15. Although HFG signed the Settlement Agreement on HFL's behalf, in its capacity as managing member, it never executed or was a party to the Settlement Agreement. [ECF No. 27-1 at 17.]; Mastroianni Aff. ¶¶ 17 – 18.

16. Aside from a single payment of $125,000, HFL and FRC have not made any payments to Ekins. [ECF No. 26 at 3].

17. On January 28, 2014, counsel for Ekins sent FRC and HFL with written notice of their failure to cure the breach of the Settlement Agreement. [ECF No. 27-1 at 21]. No notice of default was addressed to HFG. *Id.*; Mastroianni Aff. ¶ 19.

18. While HFG's principal place of business is the same as FRC and HFL's, there was nothing which would have reasonably put it on notice of the purported breach. Mastroianni Aff. ¶ 20.

19. On or about April 5, 2014, Ekins filed suit against Defendants claiming that Defendants breached the Settlement Agreement. [ECF No. 1].

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
t: 954-525-9900 | f: 954-523-2872 | WWW.BERGERSINGERMAN.COM

### III.  LEGAL ARGUMENT

A.  **The Settlement Agreement Is an Invalid Contract under Florida Law**

The crux of Ekins' Motion is that because the Settlement Agreement constitutes a valid contract under Florida Law, he is entitled to summary judgment.[1] In other words, Ekins claims that because there is no issue of fact as to whether the Settlement Agreement is invalidated by Fla. Stat. § 475.41, he is entitled to Summary Judgment against HFL and FRC. However, HFL and FRC submit that the Court should enter Summary Judgment in their favor pursuant to Fed. R. Civ. P. 56(f) (1) because there is no factual dispute concerning whether the Settlement Agreement constitutes an illegal contract under Florida law. Fed. R. Civ. P. 56(f)(1) ("After giving notice and a reasonable time to respond the court may . . . grant summary judgment for the non-movant.").

Specifically, the Settlement Agreement constituted an illegal contract pursuant to Fla. Stat. § 475.41, because it constitutes a contract for compensation for operations as a "Broker" as the term is defined by Fla. Stat. §§ 475.01(1)(a) and (3). *See* ¶ 9, *supra*.

"Section 475.01(1)(a) defines a 'broker' as including 'a person who, for another, and for a compensation or valuable consideration [directly or indirectly paid or promised, expressly or impliedly or with an intent to receive a compensation or valuable consideration therefore] attempts or agrees ... to negotiate the sale, exchange, purchase ... of business enterprises or business opportunities' or who 'takes any part in the procuring of sellers, purchasers, lessors, or lessees of business enterprises or business opportunities.'" *Meteor Motors, Inc. v. Thompson Halbach & Associates*, 914 So.2d 479, 482 (Fla. 4th DCA 2005); *see also* Villazon Aff. ¶ 23.

---

[1] FRC and HFL do not dispute that they did not make any payments under the Settlement Agreement, or that they received notice. Instead, it is their position that the Settlement Agreement is invalid, and they are not required to make any payments.

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
t: 954-525-9900 | f: 954-523-2872 | WWW.BERGERSINGERMAN.COM

While the term "business enterprise" or "business opportunity" is not explicitly defined by Fla. Stat. § 475.01, its plain meaning is defined as an "[i]nvestment of capital, labor and management in an undertaking for profit." *Black's Law Dictionary*, 249 (4th ed. 1978).[2]

Because the investment of $500,000 in the Harbourside Place project called for an "at-risk investment" to qualify under the EB-5 Program and each Investor is entitled to a return on investment, and requires the creation and management of at least 10 American jobs, such investment constitutes at a minimum a business enterprise.[3] Since the basis for Ekins' compensation was his solicitation of Investors for the Harbourside project, he was operating as an unlicensed "Broker" as defined by Fla. Stat. § 475.01 to the extent that he acted as a consultant for Defendants. *See* ¶¶ 4-6, *supra*.

Ekins claims that the "Settlement Agreement was entered into by the Parties as a compromise of disputed claims and is not for the payment of any particular fee payable to [him] under the Consulting Agreement." However, the fact that payment under the Settlement Agreement was not for a "particular fee" is immaterial as Fla. Stat. § 475.01(1) includes the indirect compensation for brokerage services. Because the Settlement Agreement provides that it was entered into as a means of "settling all disputes between and among the parties relative to the Consulting Agreement[,]" and the Consulting Agreement only related to the solicitation of purchasers of a business opportunity or enterprise, the Settlement Agreement — at a minimum — constitutes a mechanism for the indirect payment of commissions under the Consulting

---

[2] The aforementioned definition is appropriate because "when a term is undefined by statute, '[o]ne of the most fundamental tenets of statutory construction' requires that that . . . the statutory term [be defined] by "its plain and ordinary meaning.'" *Rollins v. Pizzarelli*, 761 So. 2d 294, 298 (Fla. 2000) (quoting *Green v. State,* 604 So.2d 471, 473 (Fla.1992)). "When necessary, the plain and ordinary meaning 'can be ascertained by reference to a dictionary.'" *Id.*

[3] It is also likely that investment in EB-5 constitutes a business opportunity, however because such investment clearly constitutes a business enterprise, whether the investment is a business opportunity is immaterial at this juncture.

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

Agreement and is subject to Fla. Stat. § 475.41. *Meteor Motors, Inc. v. Thompson Halbach & Associates*, 914 So. 2d 479, 482 (Fla. 4th DCA 2005) (holding that the application of § 475 should encompass a broad definition of the term "Broker").

Because Florida jurisprudence unequivocally demonstrates that the definition of a Broker, and thus whether a contract for commissions is invalid under Florida law, is broadly defined, there is no question that the Settlement Agreement constitutes an illegal contract to pay an unlicensed person a portion of commissions that relate to the sale of a business opportunity of another. A contrary holding would effectively eviscerate the purpose and intent of Fla. Stat. § 475.41, which is to protect the public at large from the unscrupulous practices of unlicensed brokers, such as Ekins. Moreover, Fla. Stat. § 475.01, includes in its definition of "Broker" the indirect, and implicit payment of a person in relation to the solicitation of a business enterprise of another, which renders the Settlement Agreement invalid under Fla. Stat. § 475.41.[4]

Ekins relies on a non-binding bankruptcy court opinion to argue that because an Article I Judge ruled that a contract was not the type prohibited by Fla. Stat. § 475.41, the Settlement Agreement is likewise valid under Florida law. *See* [ECF No. 26 at 7] (citing *In re Vilsack*, 356 B.R. 546, 551 (Bankr. S.D. Fla. 2006)). However, the Court's decision in *Vilsack* was premised on the Court's finding that "the real estate commission was paid to . . . a licensed broker" which removed any illegality to a commission sharing agreement. *Vilsack*, 356 B.R. at 552. In fact, the *Vilsack* Court explicitly found noted that contracts where an unlicensed person sought to collect commissions for performance of the type of services enumerated in Fla. Stat. § 475.01(3) are

---

[4] Although Ekins claims that the releases contemplated in the Settlement Agreement, separate it from the purview of Fla. Stat. § 475.41, the Settlement Agreement's releases are limited by "general principals of equity and applicable laws." [ECF No. 27-1 at 10]. Thus, Fla. Stat. § 475.41 and the underlying equitable principles which govern its enforcement is still applicable to the Settlement Agreement.

5878279-1　　　　　　　　　　　　　　7

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

invalid under Florida law. *Id.* Thus, the *Vilsack* Opinion is distinguishable, because no licensed broker ever received a commission before providing it to Ekins, and the Settlement Agreement constitutes compensation for the Ekins provision of services as a broker without a license.

Based on the foregoing, the plain terms of the Consulting and Settlement Agreement are invalid contracts pursuant to Fla. Stat. § 475.41, and Defendants are entitled to Summary Judgment pursuant to Fed. R. Civ. P. 56(f)(1).

B. <u>The Settlement Agreement Is Not Ambiguous</u>

Without explaining how the Settlement Agreement is ambiguous, Ekins contends that there is an ambiguity as to whether HFG was a party to the Agreement. However, Ekins' proposed interpretation of it constitutes an attempt to revise an unambiguous contract. *Feldman v. Kritch*, 824 So. 2d 274, 277 (Fla. 4th DCA 2002) (reversing a trial court's revision of a contract where the terms of the contract were plain and unambiguous).

Although the Settlement Agreement names a non-existent entity known as "Harbourside Place GP, LLC," as a "Company" in the first paragraph of the Settlement Agreement, there is nothing in the Settlement Agreement which indicates that Harbourside Funding GP, LLC was intended to be a party to that agreement. *Ceradini v. IGT Services, Inc.*, 959 So. 2d 348, 351 (Fla. 3d DCA 2007) (internal citations omitted) ("[A] cardinal principal of contract construction that agreements are to be interpreted so as to give meaning to all their provisions"). There are only two signature blocks in the Settlement Agreement, and no party signed the Settlement Agreement on behalf of an entity known as "Harbourside Place, GP, LLC." Thus, Harbourside Funding, GP, LLC was not intended to be a party to the Settlement Agreement. *See University of Miami v. Frank*, 920 So. 2d 81, 88 (Fla. 3d DCA 2006). That fact is further evidenced by the Settlement Agreement's requirement that a representative of Harbourside Funding GP, LLC sign

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

the Settlement Agreement in its capacity as the managing partner of Harbourside Funding LP. Thus, if Harbourside Funding GP, LLC was omitted as a scrivener's error — and it was not — it or "Harbourside Place GP, LLC" would have been required to execute the Settlement Agreement on its own behalf. Any alternative interpretation would be contrary to the axioms of contract interpretation under Florida law. Moreover, the only parties to the Settlement Agreement would have been the parties to the illegal Consulting Agreement.

C.  **Defendants Are Entitled to Summary Judgment under the Doctrine of *In Pari Delicto***

The common law defense of *in pari delicto* refers to "[t]he principle that a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing." *Black's Law Dictionary* 806 (8th ed. 2004). This defense may be raised in an action at law or in equity. *Earth Trades, Inc. v. T&G Corp.*, 108 So. 3d 580, 583 (Fla. 2013) (citing *O'Halloran v. Pricewaterhouse-Coopers LLP,* 969 So. 2d 1039, 1044 (Fla. 2d DCA 2007) ("The defense of *in pari delicto* 'is both an affirmative defense and an equitable defense'... [that] prohibits plaintiffs from recovering damages resulting from their own wrongdoing.") (quoting *Nisselson v. Lernout,* 469 F.3d 143, 151 (1st Cir.2006))); *see also* 22 Fla. Jur.2d *Equity* § 76 (2005)). Thus, the defense of *in pari delicto*, applies to the Settlement Agreement and precludes Ekins from prevailing on his claims. This doctrine and the facts at issue in this case mandates denial of Ekins' Motion.

Regardless of whether the Settlement Agreement constitutes a valid contract, Ekins is precluded as a matter of Florida law from prevailing on his claims under the doctrine of *in pari delicto*. In *Earth Trades v. T&G Corp.*, 108 So. 3d 580, 583 (Fla. 2013), the Florida Supreme Court analyzed the defense of *in pari delicto* in the context of unlicensed activities in a regulated field and found that an unlicensed contractor had no right to enforce a contract under Florida

5878279-1   9

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
t: 954-525-9900 | f: 954-523-2872 | WWW.BERGERSINGERMAN.COM

n/a

law. *Id.* The Supreme Court's finding was premised on the strong public policy against unlicensed activities which are otherwise regulated by the state of Florida. *Id.*

Here, as in *Earth Trades*, Ekins has requested that the Court enforce the Settlement Agreement which was entered into as a resolution of a dispute that arose as a result of Ekins unlicensed activities as a broker. Since there is no question of disputed fact as to whether Ekins acted as an unlicensed broker, and his fault was consequently greater than Defendants, he should be precluded from enforcing the Settlement Agreement, or least, that issue is sufficient to preclude entry of summary judgment in Ekins favor.

DATED August 15, 2014.                    Respectfully submitted,

                                                s/ Mitchell W. Berger
                                                Mitchell W. Berger (FL Bar. No. 311340)
                                                Email: mberger@bergersingerman.com
                                                Zachary P. Hyman (FL Bar No. 98581)
                                                Email: zhyman@bergersingerman.com
                                                BERGER SINGERMAN
                                                350 East Las Olas Blvd., Suite 1000
                                                Tel: (954) 525-9900
                                                Fax: (954) 523-2872
                                                *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                s/ Mitchell W. Berger
                                                Mitchell W. Berger

BERGER SINGERMAN
350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
t: 954-525-9900 | f: 954-523-2872 | WWW.BERGERSINGERMAN.COM

## SERVICE LIST

| | |
|---|---|
| Jared H. Beck | Mitchell W. Berger |
| jared@beckandlee.com | Email: mberger@bergersingerman.com |
| Elizabeth Lee Beck | Zachary P. Hyman |
| elizabeth@beckandlee.com | Email: zhyman@bergersingerman.com |
| **BECK & LEE TRIAL LAWYERS** | BERGER SINGERMAN |
| 12485 SW 137th Ave., Suite 205 | 350 East Las Olas Blvd., Suite 1000 |
| Miami, FL 33186 | Tel: (954) 525-9900 |
| *Attorneys for Plaintiff* | Fax: (954) 523-2872 |
| | *Attorneys for Defendants* |

BERGER SINGERMAN
350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM