UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80479-CIV-COHN/SELTZER

GEORGE EKINS,

    Plaintiff,

vs.

HARBOURSIDE FUNDING, LP,
a Florida limited partnership;
HARBOURSIDE FUNDING GP, LLC,
a Florida limited liability company;
and FLORIDA REGIONAL CENTER, LLC,
a Florida limited liability company,

    Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DE 26]

**THIS CAUSE** is before the Court on the Motion for Final Summary Judgment [DE 26] ("Motion") filed by Plaintiff George Ekins. The Court has considered the Motion, Defendants' Response [DE 31], and Plaintiff's Reply [DE 33]. The Court has also considered the parties' supporting affidavits [DE 27, DE 32] and is otherwise advised in the premises.

Plaintiff Ekins sues to enforce a settlement agreement ("Settlement Agreement" or "Agreement"). Defendants acknowledge the existence of the Agreement and that Defendants breached its terms. [DE 31 at 3–4.] However, Defendants argue that the Court should not enter summary judgment against them for three reasons. First, Defendants argue that Florida Statute § 475.41 prohibits the Settlement Agreement's enforcement. [Id. at 5–8.] Second, Defendants argue that Ekins stands *in pari delitco* with Defendants. [Id. at 9–10.] And third, Defendants argue that Ekins may not enforce

the Agreement against Defendant Harbourside Funding GP, LLC, because Defendant Harbourside Funding GP, LLC is not a party to the Settlement Agreement. [Id. at 8–9.] As discussed in more detail below, Defendants' arguments lack merit, and the Court will enter summary judgment in Plaintiff's favor.

## I.     Standard

### A.     Summary Judgment

The Court will grant summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56, the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The non-moving party may not rely merely on allegations or denials in its own pleading, but instead must come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56; Matsushita, 475 U.S. at 587.

As long as the non-moving party has had ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough

of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249–50.

### B. Applicability of Florida Law

This case is before the Court on diversity grounds. See 28 U.S.C. § 1332. It is a claim for breach of contract under Florida law. In applying substantive law, this Court is therefore bound by decisions of the Florida Supreme Court. See Shapiro v. Associated Int'l Ins. Co., 899 F.2d 1116, 1118 (11th Cir. 1990). If the Florida Supreme Court has not spoken on an issue, Florida District Court of Appeals decisions control absent persuasive indication that the Florida Supreme Court would rule otherwise. See Blanchard v. State Farm Mut. Auto. Ins. Co., 903 F.2d 1398, 1399 (11th Cir. 1990).

### II. Background

The parties agree on the facts that the Court finds dispositive. However, the Court notes certain disagreements helpful in understanding its decision and the Motion.

At times relevant to this suit, Defendants were engaged in financing a real estate development known as "Harbourside Place," in Palm Beach County Florida. [DE 31 at 2.] In or around September 2011, at least some of the Defendants hired Ekins to assist in this endeavor. Ekins contends that he entered into an agreement ("the Service Contract") with all three Defendants. [E.g., DE 20 at ¶7.] Defendants state that only Defendants Harbourside Funding, LP, and Florida Regional Center, LLC, entered into this agreement with Plaintiff. [E.g., DE 23 at ¶7.] The parties also disagree on the nature of Plaintiff's work under the Service Contract. Defendants state that Ekins was to receive a "commission" for referring investors to Harbourside Funding GP, LLC, and

3

Florida Regional Center, LLC.  [DE 31 at 2–3.]  But Ekins states that Defendants hired him to perform "marketing" and "consulting duties," that he was not hired to refer investors to Defendants, and that he would not be paid on a commission basis.  [See, e.g., DE 33 at 3.]  The parties' disagreement, however, appears to be over the interpretation and legal effect of the Service Contract, not its substance.  Both parties have attached identical, signed, copies of the Service Contract to affidavits submitted in support of their motion papers.  [See DE 27-1 at 5–8; DE 32-2.]

Eventually, this agreement broke down.  Defendants attach an affidavit to their Response from Nicholas A. Matroianni, managing member of the Defendant entities, describing what happened:

> 13.   Florida Regional Center, Harbourside Funding, GP, LLC and Harbourside Funding, LP stopped paying George Ekins commissions under the [Service Contract].
>
> 14.   George Ekins subsequently threatened to file suit against Florida Regional Center, Harbourside Funding, GP, LLC and Harbourside Funding, LP, unless he was promptly paid the commissions or "consulting fees" he claimed he was entitled to receive under the [Service Contract].
>
> 15.   In order to resolve the dispute with George Ekins over his compensation in relation to George Ekins'[s] procurement of investors, Harbourside Funding, L.P. and Florida Regional Center, LLC agreed to pay George Ekins a total of $900,000, pursuant to a Confidential Settlement Agreement.

[DE 32-1 at 3.]  As with the underlying contract, Plaintiff and Defendants both attach signed copies of the Settlement Agreement to affidavits submitted in support of their motion papers.  [See DE 27-1 at 10–17; DE 32-3.]

4

The Settlement Agreement provides that "the Company" will pay Ekins a total of $900,000 by January 1, 2015, in scheduled installments.[1]  [DE 27-1 at 10; DE 32-3 at 2.]  In return, Ekins agrees to release the Company from any claims he may have against it.  [DE 27-1 at 14; DE 32-3 at 6.]  The Agreement provides that if the Company fails to make the required installment payments, Ekins may, on notice, accelerate the debt and bring suit. Importantly, the Agreement states—

> This Settlement Agreement is being entered into by the Parties as a compromise of disputed claims and is not for the payment of any particular fee payable to Consultant pursuant to the Consulting Agreement [the Service Contract].  Further, nothing herein is intended to be, and is not, an admission of liability or fault by any Party.  The Parties acknowledge and agree that they may hereafter discover facts different from or in addition to those they now know or believe to be true in respect to the claims, losses, liabilities, obligations, suits, debts, liens, contracts, agreements, promises, demands and damages released by this Settlement Agreement, and hereby agree that the releases contained herein shall be and remain in full force and effect in all respects as a complete, general release as to the matters released between the Parties, notwithstanding the discovery of any such different or additional facts.

 [DE 27-1 at 14–15; DE 32-7 at 6–7.]

Defendants made one payment pursuant to the Agreement and missed the second required installment.  Defendants acknowledge in their response that "[a]side from a single payment of $125,000, HFL and FRC have not made any payments to Ekins."  [DE 31 at 4.]  In keeping with the procedures outlined in the Settlement

---

[1] The Settlement Agreement describes "the Company" as "Harbourside Funding, LP, Harbourside Place GP, LLC, and Florida Regional Center, LLC and their respective affiliates and successors."  [DE 27-1 at 10; DE 32-7 at 2.]  The designation of "Harbourside Place GP, LLC," which all parties agree does not exist, and omission of Harbourside Funding GP, LLC, form the foundation of Defendants' argument that Harbourside Funding GP, LLC, is not bound by the Settlement Agreement. See infra § III.C.

Agreement, Ekins sent written notice of default to Defendants [DE 27-1 at 19], allowed Defendants time to cure, then accelerated the debt and brought this suit to enforce the Settlement Agreement.

### III.     Discussion

"Any consideration of [a] settlement agreement must commence with the recitation of two basic rules of analysis." Reed v. United States, 717 F. Supp. 1511, 1515 (S.D. Fla. 1988).  First, "compromises of disputed claims are favored by the courts."  Id.  Second, "[w]here the parties acting in good faith, settle a controversy, the courts will enforce the compromise without regard to what result might, or would have been, had the parties chosen to litigate rather than settle."  Id. (internal quotation marks omitted).  Further, under Florida law, "settlements are highly favored and will be enforced whenever possible."  Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985).

Here, Defendants acknowledge that they paid only $125,000 under the Settlement Agreement, even though it called for payment of $900,000.  However, Defendants advance three arguments why the Court should not enter summary judgment against them.  With the above principles in mind, the Court turns to these arguments.

### A. Florida Statute § 475.41 does not invalidate the Settlement Agreement.

Defendants first argue that summary judgment is improper because Florida Statute § 475.41 invalidates the Settlement Agreement.  Florida Statute § 475.41 invalidates contracts for certain brokerage services performed by unlicensed brokers.

Defendants contend that this statute covers the services Ekins rendered pursuant to the Service Contract, and that the Settlement Agreement is therefore invalid because it provides an indirect payment for these services. [See DE 31 at 6–7.] Ekins does not dispute that that he lacked the license referenced in the statute. [See DE 33 at 4 (denying only that this allegation "contains any facts material to this action").] But he does dispute that the licensure requirement applies to the services he provided. [Id.]

However, whether Florida Statute § 475.41 applies to the Service Contract is beside the point. Ekins sues for breach of the Settlement Agreement, not the Service Contract. "[A] settlement agreement is a distinct contract, separate from the parties' underlying agreements." Lazy Flamingo, USA, Inc. v. Greenfield, 834 So. 2d 413, 414 (Fla. Dist. Ct. App. 2003); see also Reed v. United States, 717 F.Supp. 1511, 1514 (S.D. Fla. 1988) (holding that a settlement agreement is distinct from the personal injury action to which it pertains); Trireme Maritime Co. Ltd. v. Breakbulk Marine Servs. Ltd., No. 09 Civ. 645(DC), 2009 WL 424352, at *2 (S.D.N.Y. Feb. 20, 2009) (collecting cases for the proposition that at contract settling an admiralty matter is not itself an admiralty matter). The Settlement Agreement itself states that it is "not for the payment of any particular fee payable to [Plaintiff] pursuant to the Consulting Agreement." [DE 27-1 at 14; DE 32-3 at 6.] Instead, the Settlement Agreement requires payment for settlement of the parties' disputes. [DE 27-1 at 1; DE 32-3 at 2.] Accordingly, the Settlement Agreement is not a contract for brokerage services and Florida Statute § 475.41 does not apply.

The Court is also unpersuaded by Defendants' argument that this conclusion will "eviscerate the purpose and intent of Fla. Stat. § 475.41, which is to protect the public at

7

large from the unscrupulous practices of unlicensed brokers." [DE 31 at 7.] The unenforceability of such contracts in the first instance remains a powerful disincentive. Further, the Florida Legislature knows how to invalidate certain settlement agreements, if it so intends. For example, Florida Statute § 771.06 states—

> All contracts and instruments of every kind, name, nature or description, which may hereafter be executed within this state in payment, satisfaction, settlement or compromise of any claim or cause of action abolished or barred by this law . . . are hereby declared to be contrary to the public policy of this state and absolutely void.

Florida Statute § 771.06 thus prohibits the enforcement of settlement agreements for breach of a contract to marry, or for the now-defunct "heart balm" actions. See Fla. Stat. § 771.01. Florida's lawmakers could have included similar language concerning the brokerage contracts invalidated by Section 475.41. But they did not.

### B. Plaintiff does not stand *in pari delicto* with Defendants.

Defendants next argue that the Court should not enter summary judgment in Plaintiff's favor because Plaintiff stands *in pari delicto* with Defendants. This argument also fails.

The Florida Supreme Court has recently described the common law defense of *in pari delicto* as "[t]he principle that a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing." Earth Trades, Inc. v. T & G Corp., 108 So. 3d 580, 583 (Fla. 2013) (quoting Black's Law Dictionary 806 (8th ed. 2004)). The defense "does not require simply that both parties be to some degree wrongdoers." Rather, the parties must both participate "in the same wrongdoing" and be "[e]qually at fault." Id. Finally, the Florida Supreme Court has observed that "[t]he defense of *in pari delicto* is not woodenly applied in every case where illegality appears somewhere in the

transaction." Id. (quoting Kulla v. E.F. Hutton & Co., Inc., 426 So. 2d 1055, 1057 n.1 (Fla. 3d DCA 1983)).  "[S]ince the principle is founded on public policy, it may give way to a supervening public policy."  Id.

Here, Defendants have failed to suggest that Plaintiff committed any wrongdoing that would trigger the *in pari delicto* defense.  Defendants argue that since "there is no question of disputed fact as to whether Ekins acted as an unlicensed broker, and his fault was consequently greater than Defendants, he should be precluded from enforcing the Settlement Agreement." [DE 31 at 10.]  But in advancing this argument, Defendants commit the same conceptual error that thwarts their argument under Florida Statute § 475.41.  To the extent this argument implicates Plaintiff in any wrongdoing, it does so only in connection with the Service Contract.  The Settlement Agreement, which Plaintiff seeks to enforce in this suit, is a distinct agreement.

## C. Defendant Harbourside Funding GP, LLC, is bound by the Settlement Agreement.

Finally, Defendant argues that summary judgment is not appropriate against Defendant Harbourside Funding GP, LLC, because Defendant Harbourside Funding GP, LLC, is not a party to the Settlement Agreement.

The parties' arguments on this issue center around the omission of Defendant Harbourside Funding GP, LLC, from the portion of the Settlement Agreement listing the parties to the Agreement, and the inclusion of "Harbourside Place GP, LLC" in its stead. [See DE 31 at 8; DE 33 at 9–10.]  The relevant paragraph reads as follows:

> This SETTLEMENT AGREEMENT AND GENERAL RELEASE . . . is being entered into between and among Harbourside Funding, LP, Harbourside Place GP, LLC, and Florida Regional Center, LLC and their respective affiliates and successors with their principal offices located at 1295 U.S. Highway One, Suite 300, North Palm Beach, Florida

9

> 33408 (collectively "Company") and George Ekins (on behalf of himself and doing business as American Dream Investments, LLC) with their principal offices located at 880 Apollo Street, Suite 217, El Segundo, CA 90254 (collectively, "Consultant").

[DE 27-1 at 10; DE 32-3 at 2.]  The parties agree that Harbourside Place GP, LLC, does not exist.  [See DE 31 at 8; DE 33 at 9.]

Plaintiff contends that this is an obvious scrivener's error, and posits that the Court should reform the agreement to substitute Harbourside Funding GP, LLC, as a party.  [DE 33 at 9–10.]  Defendants—much less convincingly—argue that although the Settlement Agreement "names a non-existent entity known as 'Harbourside Place GP, LLC,' as a 'Company' in the first paragraph of the Settlement Agreement, there is nothing in the Settlement Agreement which indicates that Harbourside Funding GP, LLC was intended to be a party to that agreement."  [DE 31 at 8.]  In doing so, Defendants attach an affidavit from Mr. Mastroianni affirming that Harbourside Funding GP, LLC, signed the Settlement Agreement, but did so only "in its capacity as the managing member of Harbourside Funding L.P."  [DE 32-1 at 4.]

Because of this concession and other language in the Settlement Agreement, the Court need not undertake the task of reforming the contract, a task which likely is not appropriate on summary judgment.  Defendants concede that Harbourside Funding GP, LLC, signed the Settlement Agreement as Harbourside Funding LP's agent and corporate affiliate.  "The law is well settled that an agent is not personally liable for the contract debts of a disclosed principal, absent an express agreement to the contrary." Kanov v. Bitz, 660 So. 2d 1165, 1165–66 (Fla. Dist. Ct. App. 1995).  Thus, an agent's liability does not inure "unless the contract contains language charging the agent personally." 2A C.J.S. Agency § 382; see also Yellow Book of New York, Inc. v.

10

Shelley, 74 A.D.3d 1333, 1334 (N.Y. App. Div. 2010) (president of company bound by agreement where "as president of [company]" he "explicitly agreed to accept personal liability").

Here, the Settlement Agreement contains language explicitly imposing liability on the contracting parties' agents and corporate affiliates.  Specifically, a section entitled "Binding Agreement" reads as follows:

> This Settlement Agreement shall be binding on, and shall inure to the benefit of, each of the Parties and their respective past, present, and future predecessors, successors, subsidiaries, affiliates, owners, members, officers, directors, employees, attorneys, insurers, agents, representatives, and assigns.

[DE 27-1 at 15; DE 32-3 at 7.]  Because of this language, and because Defendants concede that Harbourside Funding GP, LLC, signed the Settlement Agreement in its capacity as agent and corporate affiliate of Harbourside Funding LP, the Court concludes that the Settlement Agreement binds Harbourside Funding GP, LLC.

## IV.    Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.    Plaintiff George Ekins's Motion for Final Summary Judgment [DE 26] is **GRANTED**.

2.    The Court will enter a separate final judgment.  Plaintiff's attorney is directed to confer with counsel for Defendants and submit a proposed final judgment on or before **October 6, 2014**.  If the parties are unable to agree on a proposed final judgment, they shall also file a brief joint notice highlighting their areas of disagreement by this same date.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of September, 2014.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.