UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 14-80479-CIV-COHN/SELTZER

GEORGE EKINS, an individual,

    Plaintiff,

vs.

HARBOURSIDE FUNDING, LP, a
Florida limited partnership;
HARBOURSIDE FUNDING GP, LLC,
a Florida limited liability company; and
FLORIDA REGIONAL CENTER, LLC
a Florida limited liability company,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants Harbourside Funding, LP, Harbourside Funding GP, LLC and Florida Regional Center, LLC (collectively, "Harbourside") by and through the undersigned counsel respectfully request that the Court reconsider its Order Granting Plaintiff George Ekins' Motion for Final Summary Judgment [ECF No. 39] (the "Order") pursuant to Federal Rule of Civil Procedure 59(e) and in support thereof state:

## LEGAL ARGUMENT

The purpose of a motion for reconsideration is to correct manifest errors of law or fact. *See Andela v. Univ. of Miami*, 461 Fed. App'x. 832, 837 (11th Cir. Jan. 10, 2012). Here, the Court should reconsider its Order Granting Plaintiff George Ekins' Motion for Final Summary Judgment because it misinterpreted the "Binding Agreement" provision of a Settlement Agreement, while ignoring the effect of Fla. Stat. § 485.41 on its enforcement.

5948489-1

BERGER SINGERMAN

350 EAST LAS OLAS BLVD. | SUITE 1000 | FORT LAUDERDALE, FLORIDA 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

## THE COURT FAILED TO GIVE EFFECT
## TO A SPECIFIC PROVISION OF THE SETTLEMENT AGREEMENT

"[I]t is a general principle of contract interpretation that a specific provision dealing with a particular subject will control over a different provision dealing only generally with the same subject." See *Kel Homes, LLC v. Burris*, 933 So. 2d 699, 703 (Fla. 2d DCA 2006); *Bysta v. Fed. Land Bank of Columbia*, 90 So. 478, 480 (Fla. 1921) ("Where particular and specific provisions are found in an instrument, they will govern in its construction, over matters stated in general terms.").

The "Payment to Consultant" provision of the Settlement Agreement, specifically obligates only the "Company," which is defined under the Settlement Agreement as "Harbourside Funding LP, Harbourside Place, GP, LLC and Florida Regional Center, LLC" to pay Ekins pursuant to the Settlement Agreement.  [ECF No. 32-7 at 2]. The Company's definition does not include not Harbourside Funding GP, LLC, the party against whom the Court entered summary judgment. Yet the Court found that the section of the Settlement Agreement entitled "Binding Agreement[,]" established its liability.

The "Binding Agreement[,]" provision of the Settlement Agreement provides that:

> [t]his Settlement Agreement shall be binding on, and shall inure to the benefit of, each of the Parties and their respective past, present, and future predecessors, successors, subsidiaries, affiliates, owners, members, officers, directors, employees, attorneys insurers, agents, representatives, and assigns.

This is a standard provision commonly found in most agreements. It does not override a specific provision of the Settlement Agreement, which is only binding on the specific parties obligated to perform under the "Payment to Consultant" provision.  Harbourside Funding GP, LLC cannot be held liable for the Company's failure to pay Ekins under the Settlement Agreement because it did not contract to do so.  *Kel Homes, LLC v. Burris*, 933 So. 2d at 703.

5948489-1

2

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

This conclusion is supported by Ekins' own pleadings, as even he did not claim that the "Binding Agreement" provision establishes Harbourside Funding, GP, LLC's liability. If Ekins maintained that the "Binding Agreement" provision established liability, that provision would have, at a minimum, been mentioned in his Motion for Summary Judgment. [ECF No. 26 at 9] However, Ekins argued the failure to include Harbourside Funding GP, LLC as a party to the Settlement Agreement was a scrivener's error, which could only be corrected by reformation of its terms. *Id.* ("But ***there is only one sensible way*** to address this discrepancy, which at best presents an easily resolved ambiguity for the following reasons.").

The Court did not "undertake the task of reforming the contract, a task which likely is not appropriate on summary judgment." [ECF No. 39 at 10]. Instead, the Court misinterpreted the Settlement Agreement, and found that a general provision could override a specific one, despite binding precedent concerning Florida contract law.

Even though the Court should not have considered New York precedent, were Florida precedent was available, in reaching its decision, it incorrectly interpreted the case law it relied on. [ECF No. 39 at 10] (citing *Yellow Book of New York, Inc. v. Shelley*, 74 A.D.3d 1333, 1334 (N.Y. App. Div. 2010)). "[A]n agent is not personally liable for the contract debts of a disclosed principal absent an express agreement to the contrary[,]" and there is nothing in the "Binding Agreement" provision that could reasonably indicate that Harbourside Funding GP, LLC, explicitly assumed personal liability for the obligations of Florida Regional Center, LLC or Harbourside Funding, LP. *Id.* (citing *Kanov v. Bitz*, 660 So. 2d 1165, 1166 (Fla. 3d DCA 1995)).

Based on the foregoing, the Court misconstrued the "Binding Agreement" provision of the Settlement Agreement which mandates the reconsideration of the Order pursuant to Rule 59(e).

5948489-1

3

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

## THE COURT IGNORED FLORIDA LAW IN FINDING THE SETTLEMENT AGREEMENT TO BE A LEGAL CONTRACT

As the Court committed clear error in its consideration of the "Binding Agreement" provision, it also erred by failing to consider the effect of Fla. Stat. § 475.41 on the Settlement Agreement.

The case law concerning Fla. Stat. § 475.41, demonstrates that the statute is to be construed broadly, as any contract which provides for the direct or indirect contract for payment of brokerage fees, even if implicitly promised, is invalid under Florida law. *See, e.g., Meteor Motors v. Thompson Halbach & Assocs.*, 914 So. 2d 479, 483 (Fla. 4th DCA 2005).

While the Court noted that "the Settlement Agreement requires payment for settlement of the parties' dispute[,]" there is there is no question that the Settlement Payments arose out of a dispute concerning amounts that were owed pursuant to a prior agreement which was regulated by Fla. Stat. §475.01. [ECF No. 32-3 at 2]. Whether the Settlement Agreement was for a specific commission or not is immaterial when Florida law is applied. *Meoteor Motors*, 914 So. 2d at 483. The only issue is whether the underlying agreement for which payment was sought was a contract that is invalid under Fla. Stat. § 475.41. The Court, in its Order, failed properly apply Florida law by determining that "whether Florida Statute § 475.41 applies to the Service Contract is beside the point." [ECF No. 39 at 7].

"Settlements are void against public policy . . . if they directly contravene a state or federal statute or policy." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) (citing *Yockey v. Horn*, 880 F.2d 945, 950 (7th Cir. 1989); *Jackson Purchase Rural Elec. Cooperative Assoc. v. Local Union 816*, 880 F.2d 945, 950 (6th Cir. 1989); *United States v. City of Miami*, 614 F.2d 1322, 1333 (5th Cir. 1980); *Atlantic Co. v. Broughton*, 146 F.2d 480, 482 (5th Cir. 1944) ("Though settlements in accord and satisfaction are favored in law, they may not be sanctioned

5948489-1

4

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t*: 954-525-9900 | *f*: 954-523-2872 | WWW.BERGERSINGERMAN.COM

and enforced when they contravene and tend to nullify the letter and spirit of an Act of Congress.")).  Settlement Agreements directly contravene state statutes or policy when they involve the "waiver of protective rights under such statutes." *Id.*

Because the Settlement Agreement clearly constituted a waiver of Harbourside's protective rights under Fla. Stat. § 475.41, it is invalid under binding Eleventh Circuit precedent, which justifies reconsideration of the Order and entry of summary judgment pursuant to Fed. R. Civ. P. 56(f), as requested by Harbourside.

WHEREFORE Defendants Harbourside Funding GP, LLC, Harbourside Funding, LP and Florida Regional Center, LLC respectfully request that the Court (i) reconsider its Order Granting Plaintiff George Ekins' Motion for Summary Judgment; (ii) grant summary judgment in their favor pursuant to Fed. R. Civ. P. 56(f); (iii) deny George Ekins' Motion for Final Summary Judgment; or (iv) any other relief the Court deems just and proper.

Respectfully submitted,

s/ Mitchell W. Berger
Mitchell W. Berger (FL Bar. No. 311340)
Email: mberger@bergersingerman.com
Zachary P. Hyman (FL Bar No. 98581)
Email: zhyman@bergersingerman.com
BERGER SINGERMAN
350 East Las Olas Blvd., Suite 1000
Tel: (954) 525-9900
Fax: (954) 523-2872
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

5948489-1

5

BERGER SINGERMAN
350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
*t:* 954-525-9900 | *f:* 954-523-2872 | WWW.BERGERSINGERMAN.COM

served this day on all counsel of record identified on the following Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Mitchell W. Berger
Mitchell W. Berger

### Service List

**9:14-cv-80479-JIC Notice has been electronically mailed to:**

Elizabeth Lee Beck     elizabeth@beckandlee.com, beckandlee@gmail.com, cmecf@beckandlee.com, ekle2007@yahoo.com

Jared H. Beck     jared@beckandlee.com, beckandlee@gmail.com, cmecf@beckandlee.com, ekle2007@yahoo.com

Mitchell Wayne Berger     mberger@bergersingerman.com, drt@bergersingerman.com, hestama@bergersingerman.com

Zachary Paul Hyman     zhyman@bergersingerman.com, clamb@bergersingerman.com, DRT@bergersingerman.com

BERGER SINGERMAN

350 East Las Olas Blvd. | Suite 1000 | Fort Lauderdale, Florida 33301
t: 954-525-9900 | f: 954-523-2872 | WWW.BERGERSINGERMAN.COM