UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 14-80479-CIV-COHN/SELTZER

GEORGE EKINS, an individual,

    Plaintiff,

vs.

HARBOURSIDE FUNDING, LP, a
Florida limited partnership;
HARBOURSIDE FUNDING GP, LLC,
a Florida limited liability company; and
FLORIDA REGIONAL CENTER, LLC,
a Florida limited liability company,

    Defendants.

**PLAINTIFF GEORGE EKINS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION**

Plaintiff, GEORGE EKINS ("Plaintiff"), by and through his undersigned counsel and pursuant to Local Rule 7.1(c), hereby files his Response in Opposition to Defendants' Motion for Reconsideration.

**MEMORANDUM OF LAW**

**INTRODUCTION**

Defendants' Motion for Reconsideration ("Motion") [D.E. 40] supplies no basis for the Court to reconsider its well-reasoned Order Granting Plaintiff's Motion for Summary Judgment ("Order") [D.E. 39] finding Defendants to have breached their Settlement Agreement with Plaintiff.

The Motion should be denied.

1

## LEGAL STANDARD

"Reconsideration of an order is an extraordinary remedy to be employed sparingly." *U.S. ex rel. Gillespie v. Kaplan Univ.*, 2013 WL 6492830, *2 (S.D. Fla. Dec. 10, 2013) (quoting *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (internal quotation marks omitted)).

As this District has also recognized, there are three major grounds which may justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King*, 181 F. Supp. 2d at 1369. "In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* Motions for reconsideration are appropriate only where the Court has "patently misunderstood a party" or has made a decision "outside of the adversarial issues presented to the Court by the parties" or has made an error "not of reasoning but of apprehension." *Id.* "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.*

Moreover, motions for reconsideration "cannot be used to relitigate old matters or raise arguments or present evidence that could have been raised or presented before the entry of judgment." *Andela v. Univ. of Miami*, 461 Fed. App'x. 832, 837 (11th Cir. Jan. 10, 2012) (affirming denial of motion for reconsideration where movant's legal arguments were "recapitulations of those from his earlier filings").

## ARGUMENT

Defendants' Motion does not cite the full standard applicable to motions for reconsideration. It asserts only that the "purpose of a motion for reconsideration is to correct

manifest errors of law or fact." Motion at 1 (citing *Andela*, 461 Fed. App'x at 837). "Manifest error" means "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Rogers v. U.S.*, 2013 WL 6047022, *2 (M.D. Fla. Nov. 13, 2013) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)).

Here, the Court entered a carefully reasoned order granting Plaintiff summary judgment on his straightforward claim for breach of the parties' Settlement Agreement. There was no "wholesale disregard, misapplication, or failure to recognize controlling precedent," and thus no "manifest error." The arguments put forth in Defendants' Motion lack merit and recapitulate matters already argued in the summary judgment briefing.

I.  **The Court Properly Construed The Settlement Agreement**

Defendants claim the Court committed manifest error by interpreting the Settlement Agreement to find it binding against Harbourside Funding GP, LLC. They contend the Court disregarded a Florida legal principle of contract interpretation that "a specific provision dealing with a particular subject will control over a different provision dealing only generally with the same subject." Motion at 2 (quoting *Kel Homes, LLC v. Burris*, 933 So. 2d 699, 703 (Fla. 2d DCA 2006)). But Defendants are wrong because the Court's interpretation is legally correct and did not disregard any controlling principle of Florida law.

As an initial matter, as was noted in Plaintiff's summary judgment motion, "[a]n interpretation of a contract which gives a reasonable, lawful and effective meaning to all of the terms is preferred to an interpretation which leaves a part unreasonable, unlawful or of no effect." *Whitley v. Royal Trails Property Owners' Ass'n, Inc.*, 910 So. 2d 381, 385 (Fla. 5th DCA 2005). *See also Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1320 (S.D. Fla. 2004) ("An

interpretation which gives a reasonable meaning to all provisions is preferable to one which leaves a portion of the [contract] useless, inexplicable or creates surplusage." ).

In addition, Defendants' invocation of the legal principle, which the Court supposedly disregarded, is incomplete. Under Florida law, the doctrine of *ejusdem generis* directs "that a specific clause takes precedence over a general clause." *Ibis Lakes Homeowners Ass'n, Inc. v. Ibis Isle Homeowners Ass'n, Inc.*, 102 So. 3d 722, 728 (Fla. 4th DCA 2012) (quoting *Raines v. Palm Beach Leisureville Cmty. Ass'n*, 317 So. 2d 814, 817 (Fla. 4th DCA 1975)). But it must also be noted that the doctrine is "employed within contract law to resolve differences inherent in **conflicting** contract provisions, thereby clarifying a party's obligations, not to obliterate general provisions that do not directly conflict with specific provisions." *Ibis Lakes*, 102 So. 3d at 728 (emphasis added). Thus, while the doctrine cited by Defendants applies to "enforce *specifically* defined contract provisions that *conflict* with general provisions that would otherwise control the situation," courts must still "give effect to valid, applicable general provisions that do not conflict" with specific provisions. *Id.* at 829 (emphasis in original).

Here, the Court found Habourside Funding GP, LLC to be bound by the Settlement Agreement based on (1) the language in paragraph 11 of the Settlement Agreement setting forth those who are bound by its terms; and (2) Defendants' acknowledgement that Harbourside Funding GP, LLC signed the Settlement Agreement in its capacity as agent and corporate affiliate of Harbourside Funding LP. *See* Order at 11.

Defendants argue that the Court's interpretation violates the *ejusdem generis* doctrine because paragraph 11 is a "general provision" of the Settlement Agreement and should not take precedence over the more "specific" "Payment to Consultant" provision. Motion at 2. Because the "Payment to Consultant" provision binds only the "Company" to pay Plaintiff – and

4

Harbourside Funding GP, LLC is not included in the definition of "Company" – Defendants assert the Court's interpretation to be erroneous. *Id.* at 2-3.

This argument is fallacious. As noted above, the *ejusdem generis* doctrine requires courts to apply specific provisions over **conflicting** general provisions, not to "obliterate general provisions that do not directly conflict with specific provisions." *Ibis Lakes*, 102 So. 3d at 728. Here, however, there is **no conflict** between paragraph 11 of the Settlement Agreement and the "Payment to Consultant" provision. Rather, the definition of "Company," as incorporated into the "Payment to Consultant" provision, includes an entity, "Harbourside Place GP, LLC," which (as the parties agree and the Court found) does not exist. Order at 5 n.1. Thus, the Court's interpretation cannot run afoul of the *ejusdem generis* doctrine; rather, it correctly interprets the agreement by giving "a reasonable, lawful and effective meaning to all of the terms," including the designation of "Harbourside Place GP, LLC" in the definition of "Company." Without the Court's interpretation as reflected in its summary judgment order, the term "Harbourside Place GP, LLC" in the definition of "Company" would have no effect whatsoever, which cannot be correct as a matter of law.[1][2] *Cf., e.g.*, *Lanoue v. Rizik*, 987 So. 2d 724, 726 (Fla. 3d DCA 2008) (interpreting written agreement to give effect to term in choice-of-law provision).

---

[1] Moreover, interpreting the Settlement Agreement to not bind Harbourside Funding GP, LLC would be inconsistent with the undisputed fact that this entity executed the Settlement Agreement (Order at 5 n.1), along with the additional undisputed fact that Harbourside Funding GP, LLC was a party to the Service Contract. *See* Plaintiff George Ekins' Reply In Support of Motion for Final Summary Judgment [D.E. 33] at 9-10.

[2] While Defendants correctly note that the Court interpreted rather than reformed the Settlement Agreement, it is not the case that reformation of a contract is improper on summary judgment. *See Flanigan's Enters., Inc. v. Shoppes at 18th & Commercial, Inc.*, 954 So. 2d 758, 765 (Fla. 4th DCA 2007) (affirming trial court's reformation of settlement agreement on summary judgment).

## II.     The Court Already Considered And Properly Rejected Defendants' Argument Based On Section 475.41

The remainder of Defendants' Motion consists of argumentation urging that section 475.41, Florida Statutes, precludes enforcement of the Settlement Agreement.  Motion at 4-5.  Defendants already presented these arguments in their opposition to Plaintiff's summary judgment motion; the Court considered these arguments in its Order and thoroughly rejected them.  Order at 6-8.  Indeed, the decisional authority cited with respect to section 475.41, *Meteor Motors v. Thompson Halbach & Assocs.*, 914 So. 2d 479 (Fla. 4th DCA 2005), is the very same case law discussed in Defendants' Response to Plaintiff's Motion for Summary Judgment [D.E. 31] ("Response").  *Compare* Motion at 4 *with* Response at 5, 7.  And the string-cite on page 4 of the Motion regarding settlements as void against public policy "if they directly contravene a state or federal statute or policy" is also unavailing because the Court already thoroughly analyzed this issue and concluded that the Settlement Agreement does not violate section 475.41 or its underlying policy.  *See* Order at 7-8.

Accordingly, Defendants' arguments are not properly raised in a motion for reconsideration and should be rejected by the Court once again.  *See Andela v. Univ. of Miami*, 461 Fed. App'x. 832, 837 (11th Cir. Jan. 10, 2012) (motions for reconsideration "cannot be used to relitigate old matters or raise arguments or present evidence that could have been raised or presented before the entry of judgment"; affirming denial of motion for reconsideration where movant's legal arguments were "recapitulations of those from his earlier filings").

### CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Reconsideration.

*~signature page follows~*

DATED: October 6, 2014

RESPECTFULLY SUBMITTED,

/s/ Jared H. Beck
By: Jared H. Beck

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone: (305) 234-2060
Facsimile: (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2014, a true an correct copy of the foregoing

> *PLAINTIFF GEORGE EKINS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION*

was served via e-mail on all counsel of record or pro se parties identified on the attached service list.

                          /s/ Jared H. Beck
                            Jared H. Beck


**SERVICE LIST**
*Ekins v. Harbourside Funding, LP et al.*
**Case No. 14-80479-COHN/SELTZER**

Mitchell W. Berger, Esq.
Zachary P. Hyman, Esq.
BERGER SINGERMAN LLP
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale, Florida 3301
Telephone:    (954) 525-9900
Facsimile:    (954) 523-2872
mberger@bergersingerman.com;
zhyman@bergersingerman.com

**Counsel for Defendants**