UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80479-CIV-COHN/SELTZER

GEORGE EKINS,

    Plaintiff,

vs.

HARBOURSIDE FUNDING, LP,
a Florida limited partnership;
HARBOURSIDE FUNDING GP, LLC,
a Florida limited liability company;
and FLORIDA REGIONAL CENTER, LLC,
a Florida limited liability company,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Defendants' Motion for Reconsideration [DE 40] ("Motion"). Defendants ask the Court to reconsider its September 17, 2014 Order Granting Plaintiff's Motion for Summary Judgment [DE 36] ("Order" or "prior Order"). The Court has considered the Motion, Plaintiff's Response [DE 45], the prior Order, and other relevant portions of the case file. The Court held a hearing on the Motion on October 8, 2014, and is advised in the premises.

There are three grounds which justify the filing of a motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004); see also Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995). A motion for reconsideration is not intended to be a tool for relitigating what a court has already

decided. Reyher, 900 F. Supp. at 430. Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal quotations omitted).

Here, Defendants contend that reconsideration is needed to correct manifest error. [See DE 40 at 1.] They make two arguments. First, Defendants maintain that the Court "ignored Florida law" in concluding that Florida Statute § 475.41 did not invalidate the Settlement Agreement, even if it might have invalidated the underlying Service Contract between the parties. [Id. at 4–5.] Second, Defendants argue that the Court erred in concluding that the Settlement Agreement bound Defendant Harbourside Funding GP, LLC. [Id. at 2–3.] In making this second argument, Defendants state that the Court misapplied the "general principle of contract interpretation that a specific provision dealing with a particular subject will control over a different provision dealing only generally with the same subject." [Id. at 2 (quoting Kel Homes, LLC v. Burris, 933 So. 2d 699, 703 (Fla. Dist. Ct. App. 2006).]

On reconsideration, Defendants have not produced the kind of "strongly convincing" facts or law sufficient to show that the Court clearly erred and to induce it to reverse its prior decision. See Reyher, 900 F. Supp. at 430. Even taking a fresh look at the parties' submissions—assigning no heightened burden to Defendants—the Court reaches the same conclusion as it did in its Order Granting Plaintiff's Motion for Summary Judgment [DE 39]. The Court considers each of Defendants' arguments in turn.

First, the Court applied Florida law in concluding that Florida Statute § 475.41 does not invalidate the Settlement Agreement, regardless of whether it applies to the

2

underlying Service Contract.  Under Florida law, "[A] settlement agreement is a distinct contract, separate from the parties' underlying agreements."  Lazy Flamingo, USA v. Greenfield, 834 So. 2d 413, 414 (Fla. Dist. Ct. App. 2003).  And Florida law strongly favors the enforcement of settlement agreements.  See Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985).  Also, as observed in the Court's prior Order, the Florida Legislature has employed language explicitly invalidating settlement agreements pertaining to claims of breach of contract to marry, and other "heart balm" actions, but did not include similar language in the statutes relevant here.  See Fla. Stat. § 771.06. Defendants have accordingly pointed to nothing that would invalidate the Settlement Agreement.  They concede the existence of the Agreement and its breach.  Summary judgment in Plaintiff's favor is therefore appropriate.

On reconsideration, Defendants pressed the Court to consider four cases,[1] Meteor Motors v. Thompson Halbach & Assocs., 914 So. 2d 479 (Fla. Dist. Ct. App. 2005); Earth Trades, Inc. v. T & G Corp., 108 So. 3d 580 (Fla. 2013); In re Smith, 926 F.2d 1027 (11th Cir. 1991); and Atlantic Co. v. Broughton, 146 F.2d 480 (5th Cir. 1944). Defendants presented one of these cases, Meteor Motors, in their initial Response [DE 31] to Plaintiff's Motion for Summary Judgment [DE 26], and none post-date the Court's prior Order.  [DE 31 at 5–6.]  Meteor Motors addressed the applicability of Florida

---

[1] On October 7, 2014, the day before the hearing on this Motion, Defendants also submitted a Notice of Supplemental Authority Pertaining to Settlement Agreements Resolving Illegal Disputes [DE 47].  Of the seven cases Defendants submitted, none were decided after the date of their initial Motion for Reconsideration.  "[S]upplemental filings should direct the Court's attention to legal authority or evidence that was not available to the filing party at the time that that party filed the original brief to which the subsequent supplemental filing pertains" and "nothing more."  Barron v. Snyder's-Lance, Inc., No. 13-62496-CIV, 2014 WL 2686060, at *1 (S.D. Fla. June 13, 2014) (internal quotation omitted).  The Court has nevertheless reviewed these filings.

Statute § 475.41 to a brokerage contract, not a settlement agreement concerning a dispute over a contract that one party believed to be a covered by Section 475.41.  914 So. 2d at 481–82.  Earth Trades concerned whether a similar statute could invalidate a contract even if the other party knew that a contractor didn't have the required license. 108 So. 3d at 587.  In re Smith overrode a trial court's decision *not* to approve a settlement agreement on the basis of improper public policy considerations.  926 F.2d at 1030.  Finally, Atlantic Co. v. Broughton held invalid a settlement via "accord and satisfaction" of workers' claims for recovery of unpaid wages under the Fair Labor Standards Act, 146 F.2d at 481, a practice now statutorily forbidden due to the special and often unequal relationship between employees and employers, see Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982).  These cases do not convince the Court that it erred in granting summary judgment in Plaintiff's favor.

The Court also stands by its conclusion that the Settlement Agreement binds Defendant Harbourside Funding GP, LLC.  Defendants do not dispute that Harbourside Funding GP, LLC signed the Settlement Agreement through its managing member Nicholas Mastroianni.  Defendants instead argue that Harbourside Funding GP, LLC signed the agreement only "in its capacity as the managing member of Harbourside Funding L.P." [DE 32-1 at 4], and is therefore not bound by its terms.  The Court rejected Defendants' argument on the grounds that the Settlement Agreement contained a provision, entitled "Binding Agreement," that stated that the Settlement Agreement binds each of the parties' "respective past, present, and future predecessors, successors, subsidiaries, affiliates, owners, members, officers, directors,

4

employees, attorneys, insurers, agents, representatives, and assigns." [DE 27-1 at 15; DE 32-3 at 7.]

On reconsideration, Defendants argue that, in reaching this conclusion, the Court misapplied the doctrine of contract interpretation that "a specific provision dealing with a particular subject will control over a different provision dealing only generally with that same subject." [DE 40 at 2 (quoting Kel Homes, LLC v. Burris, 933 So. 2d 299, 703 (Fla. Dist. Ct. App. 2006).] Defendants argue that instead of relying upon the "Binding Agreement" provision, the Court should have limited the obligation to pay Plaintiff under the Settlement Agreement only to those included in the definition of "the Company" on the first page of the Agreement.[2] [Id.] Defendants argue that "[t]he Company's definition does not include [] Harbourside Funding GP, LLC." [Id.] But in this, Defendants are incorrect. Consistent with the relevant language in the "Binding Agreement" provision referenced above, the Settlement Agreement defines the Company as "Harbourside Funding, LP, Harbourside Place GP, LLC, and Florida Regional Center, LLC *and their respective affiliates and successors.*" [DE 32-3 at 2 (emphasis added).] The terms do not conflict on this point and therefore the doctrine to which Defendants refer does not come into play. See Ibis Lakes Homeowners Ass'n, Inc. v. Ibis Isle Homeowners Ass'n, Inc., 102 So. 3d 722, 728 (Fla. Dist. Ct. App. 2012) (stating that the doctrine "is employed within contract law to resolve differences inherent

---

[2] At the hearing, Defendants argued that instead the Court should have limited the obligations under the Settlement Agreement only to "the Parties" as defined in Paragraph 12 of the Agreement. But Paragraph 12 of the Agreement does not define this term. [See DE 27-1 at 15–17; 32-3 at 7–9.] Moreover, the first page of the Settlement Agreement states that "[t]he Company and the Consultant shall sometimes be referred to herein individually as a 'Party' or collectively as the 'Parties.'" [DE 27-1 at 10; DE 32-3 at 2.]

5

in conflicting contract provisions, thereby clarifying a party's obligations, not to obliterate general provisions.")

Before concluding, the Court wishes to explicitly supplement the reasoning contained in its prior Order concerning its conclusion that Harbourside Funding GP, LLC is bound by the terms of the Settlement Agreement, consistent with the foregoing. In determining that "the Settlement Agreement contains language explicitly imposing liability on the contracting parties' agents and corporate affiliates," the Court referenced the Settlement Agreement's "Binding Agreement" provision. [DE 39 at 10–11.] As observed above, the Settlement Agreement's definition of "the Company," which the Court's prior Order quotes [see id. at 5 n.1, 9–10] but does not explicitly rely upon, also contains such language. The Court concludes that the definition of "the Company" provided in the Settlement Agreement provides a sufficient alternative basis to conclude that the Agreement binds Harbourside Funding GP, LLC.

Finally, the Court notes that Harbourside Funding GP, LLC did in fact sign the Agreement. [See DE 27-1 at 17; DE 32-3 at 9.] This would be a very different case if, for example, Plaintiff attempted to hold liable a non-signatory affiliate, attorney, employee, etc., of the named entities.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of October, 2014.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.